UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLEN J. DAVIS, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV1869 JCH |
| ) | |
| JOHNSON CONTROLS, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Remand (ECF No. 13), filed November 17, 2011. This matter is fully briefed and is ready for disposition.

**BACKGROUND**

Plaintiff, a resident of Missouri, originally brought this action in the Circuit Court of the County of St. Louis, Missouri, on September 23, 2011. (Notice of Removal, ECF No. 1, ¶ 1). On September 28, 2011, Defendant Johnson Controls, Inc. ("JCI") was served with Plaintiff's Petition, wherein Plaintiff asserted claims against (1) Defendant JCI, a Wisconsin corporation with its principal place of business in the State of Wisconsin, (2) Defendants Kelly Short, Renee Maroney, and Joseph Vallero, all employees of Defendant JCI and residents of Missouri, and (3) Defendants John Doe Corporation, John Doe Property Owner, and John Doe Property Management Company. (Id., ¶¶ 1, 6-8; First Amended Petition ("Am. Pet."), ECF No. 5, Count I, ¶¶ 3-5). Defendant JCI removed this action to this Court on October 27, 2011, claiming fraudulent joinder of Defendants Short, Maroney, and Vallero, and diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. (Notice of Removal, ¶¶ 3, 6-8).

In his First Amended Petition, Plaintiff alleged that he sustained injuries to his neck, back, right shoulder, and right elbow after slipping and falling on snow and ice located on Defendant JCI's premises. (Am. Pet., Count I, ¶¶ 15-17). Plaintiff alleged he and his co-workers repeatedly complained to Defendants Short, Maroney, and Vallero regarding the unsafe condition on the premises prior to Plaintiff's fall, and that all three individual Defendants and Defendant JCI failed to correct the dangerous condition of the premises. (Am. Pet., Count I, ¶¶ 14, 19, 20). Plaintiff also alleged Defendant John Doe Corporation, Defendant John Doe Property Owner, and Defendant John Doe Property Management Company failed in their respective duties to clear snow and ice from the property. (Am. Pet., Counts II-IV).

On December 2, 2011, this Court entered an Order permitting Plaintiff to file a Second Amended Complaint naming BSR Services, Inc. ("BSR"); Realty Associates Advisors LLC ("RAA"); The Realty Associates Fund VII, L.P. ("RAF"); Sansone Group/DDR LLC ("SG"); and Sansone Group, Inc. ("SGI"), as Defendants and dismissing John Doe Corporation, John Doe Property Owner, and John Doe Property Management Company as Defendants. (Order, ECF No. 20; Second Amended Complaint ("Sec. Am. Comp."), ECF No. 22). Defendants BSR, RAA, RAF, SG, and SGI have all been served with Plaintiff's Second Amended Complaint. (See ECF Nos. 25-27, 35-36). Defendants BSR, SG, and SGI are all citizens of Missouri, while Defendant RAA is a citizen of Massachusetts and Defendant RAF is a citizen of New Jersey (Motion to Remand, ¶ 18).

## LEGAL STANDARD

"It is well settled that on a Motion to Remand, the burden of establishing federal subject jurisdiction lies with the removing party." Rolwing v. NRM Corp., 2005 WL 1828813, at *2 (E.D. Mo. Aug. 2, 2005), citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.

1991). The amount in controversy requirement of diversity jurisdiction is strictly construed, and all doubts concerning federal jurisdiction are resolved in favor of remand.  Id. (citations omitted).

## DISCUSSION

Pursuant to 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).  "Complete diversity of citizenship exists where no different holds citizenship in the same state where any plaintiff holds citizenship." In re Prempro Products Liability Litigation, 591 F.3d 613, 620 (8th Cir. 2010) (quoting OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 347 (8th Cir. 2007)).  Under § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]"

Since the Court has permitted Plaintiff to amend his complaint to include three Missouri residents as defendants, complete diversity of citizenship no longer exists in this lawsuit.[1] Therefore, this Court no longer has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1332 and 1441.  Since subject matter jurisdiction is lacking, the Court will remand this case to the Circuit Court for the County of St. Louis, Missouri.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); see also Atlas Van Lines, Inc. v. Poplar Bluff Transfer Co., 209 F.3d 1064, 1066-67 (8th Cir. 2000).

## CONCLUSION

Accordingly,

---

[1]The Court does not address the issue of the purportedly fraudulent joinder of Defendants Short, Maroney, and Vallero, as alleged by Defendant JCI in its Notice of Removal.

- 4 -

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the County of St. Louis, State of Missouri.  An appropriate Order of Remand will accompany this order.


Dated this   4th   day of January, 2012.


        /s/Jean C. Hamilton
        UNITED STATES DISTRICT JUDGE